IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| W. FRANK JONES, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CASE NO. 3:08-cv-571-MEF |
| | ) |
| H&S HOMES, L.L.C., *et al.*, | ) (WO-DO NOT PUBLISH) |
| | ) |
| DEFENDANTS. | ) |

**MEMORANDUM OPINION AND ORDER**

On April 11, 2007, W. Frank Jones ("Jones") filed a lawsuit in the Circuit Court of Lee County, Alabama against H&S Homes, L.L.C. ("H&S"), Horton Homes, Inc. ("Horton"), and Edwin Brooks ("Brooks"). Jones set forth claims under Alabama law for various types of fraud, conversion, negligence, and wantonness. All claims arise out of his purchase of a mobile home manufactured by Horton and sold by H&S and its servant Brooks. Jones sought unspecified punitive and compensatory damages. Jones and Brooks are alleged to be citizens of Alabama. H&S and Horton are alleged to be foreign entities.

On July 17, 2008, Horton removed the action to this Court invoking this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). On November 14, 2005, Crews filed Plaintiff's Motion to Remand (Doc. # 4). The court has carefully considered the applicable law and the arguments in support of and in opposition to the motion to remand and finds that it is due to be GRANTED because Markel's removal was not timely made.

## DISCUSSION

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Executive Comm. of Fla.*, 719 F.2d 1072, 1076 (11th Cir. 1983)*, cert. denied,* 465 U.S. 1103 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen*, 511 U.S. at 377.

Among the cases over which a federal district court may exercise subject matter jurisdiction are civil actions in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount, currently *in excess of $75,000*, is met. *Id.*

When a case is originally filed in state court, a party may remove it if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). However, the non-moving party may move for remand, which will be granted if "it appears that the district court lacks subject matter jurisdiction." *See* 28 U.S.C. § 1447(c). Because removal jurisdiction raises significant federalism concerns, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095. When a case is removed from state court, the burden is on the party who removed the action to prove federal-court jurisdiction. *Id.*

In seeking remand, Jones contends both that Horton did not timely remove this case to federal court and that Markel has not met its burden of establishing that the amount in controversy exceeds the sum required by 28 U.S.C. § 1332(a).  This opinion focuses on the issues relating to the timeliness of the removal.  Horton, the party bearing the burden of proving federal jurisdiction, also has the task of proving to the court that the removal was timely.  *See, e.g., Clingan v. Celtic Life Ins. Co.,* 244 F. Supp. 2d 1298, 1302 (M.D. Ala. 2003).  Because the Court concludes that the removal was not timely filed, it need not, and will not, address the amount in controversy.

Federal law limits the period in which a defendant may exercise his removal right from state to federal court.

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.*

28 U.S.C. § 1446(b) (emphasis added).  Given that removal statutes must be construed narrowly, § 1446's time requirement is mandatory and must be strictly applied; "[t]imely objection to a late petition for removal will therefore result in remand." *Webster v. Dow*

3

*United Techs. Composite Prods., Inc.,* 925 F. Supp. 727, 729 (M.D. Ala. 1996) (citations omitted).  *Accord, Clingan,* 244 F. Supp. 2d at 1302-03.

    Horton contends that this Court should apply an equitable estoppel exception to the one year time limit.  Some courts in other jurisdictions have held that the removal statute's one year limit on removal is subject to equitable exception.  *See, e.g., Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003).  The Eleventh Circuit Court of Appeals does not appear to have spoken on this point in a holding, but it has offered *dicta* which would indicate that, unlike the Fifth Circuit, it would not be inclined to recognize such an exception.  *See Burns,* 31 F.3d 1092, 1097 n.12 (11th Cir. 1994) ("we are not convinced that congress would find the result Windsor fears (that is, an amendment for greater damages after the one year deadline for removal) to be bad.  The Commentary to the 1988 Revisions of 28 U.S.C. § 1446(b) shows that congress knew when it passed the one year bar on removal that some plaintiffs would attempt to defeat diversity by fraudulently (and temporarily) joining a non-diverse party.  In that case, as long as there is some possibility that a non-diverse joined party could be liable in the action, there is no federal jurisdiction.  But, under section 1446(b), if, after one year, the plaintiff dismisses the non-diverse defendant, the defendant cannot remove.  So, a plaintiff could defeat jurisdiction by joining a non-diverse party and dismissing him after the deadline.  Congress has recognized and accepted that, in some circumstances, plaintiff can and will intentionally avoid federal jurisdiction.").  Moreover, this Court has previously held that the one-year time limit is absolute and not subject to

exception. *See, e.g., Russaw v. Voyager Life Ins. Co.,* 921 F. Supp. 723, 724-25 (M.D. Ala. 1996) (Thompson, J.). In light of the *dicta* in *Burns* and the prior holdings of this Court declining to recognize an equitable exception to the time limit for removal, the Court finds that the Notice of Removal in this case was untimely because it was not filed within one year of the commencement of the action, and this case is due to be remanded to the Circuit Court of Lee County.

## CONCLUSION

For the reasons discussed in this Memorandum Opinion and Order, it is hereby ORDERED as follows:

(1) Plaintiff's Motion to Remand (Doc. # 19) is GRANTED.

(2) This case is REMANDED to the Circuit Court of Lee County, Alabama. The Clerk is DIRECTED to take appropriate steps to effect the remand.

(3) Horton Homes, Inc.'s Motion to Transfer and for Order Consolidating Alter Ego Claims With Trial of Identical Claims in Pending Civil Action No. 2:07cv506-MEF (Doc. # 9) is DENIED.

(4) Any other pending motions are left for resolution by the Circuit Court of Lee County, Alabama.

DONE this the 15th day of October, 2008.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE